# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1703 JGB (KKx)** | | Date | June 20, 2023 |
|---|---|---|---|---|
| Title | ***Abel Rodriquez et al v. Gregory Funding, LLC et al.*** | | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order DISMISSING Plaintiffs' Complaint for Failure to Prosecute (IN CHAMBERS)**

On October 7, 2021, Defendants filed a notice of removal of this action. ("Notice of Removal," Dkt. No. 1.) On November 1, 2021, Defendants filed a motion to dismiss. ("Motion to Dismiss," Dkt. No. 9.) On December 22, 2021, the Court denied the Motion to Dismiss. ("Motion to Dismiss Order," Dkt. No. 16.) On December 23, 2021, Defendants filed an answer. ("Answer," Dkt. No. 17.) On April 1, 2022, the Court issued a scheduling order. ("Scheduling Order," Dkt. No. 21.) Among other dates and deadlines, the Court set a discovery cut-off deadline of February 13, 2023, a final pretrial conference for June 12, 2023, and a bench trial for June 27, 2023. (See id.)

On May 20, 2022, Plaintiffs' Counsel filed a motion to withdraw as counsel. ("First Motion to Withdraw," Dkt. No. 23.) On June 23, 2022, the Court denied the First Motion to Withdraw because Plaintiff's Counsel failed to establish that he had given Plaintiffs written notice reasonably in advance of his intent to withdraw as counsel. ("First Motion to Withdraw Order," Dkt. No. 26.) On July 26, 2022, Plaintiffs' Counsel filed a renewed motion to withdraw as counsel. ("Second Motion to Withdraw," Dkt. No. 27.) As Plaintiffs' Counsel declared in the First Motion to Withdraw, Plaintiffs' Counsel noted that he had been unable to contact Plaintiffs for months, despite repeated efforts to contact them. (See id.) On September 7, 2022, the Court granted the Second Motion to Withdraw, finding that Plaintiffs' Counsel had cured the deficiencies in the First Motion to Withdraw. ("Second Motion to Withdraw," Dkt. No. 29.) The Court found good cause to allow Plaintiff's Counsel to withdraw; it observed that Plaintiffs

---

**CIVIL MINUTES—GENERAL**

had seemingly lost interest in pursuing the litigation and no longer were communicating with Plaintiff's Counsel, rendering continued representation all but impossible.  (See id. at 3.)

On October 14, 2022, Defendants filed two motions to compel.  (Dkt. Nos. 30, 31.)  Plaintiffs failed to respond.  On November 3, 2022, Judge Kato granted the motions to compel and ordered Plaintiffs to serve on Defendants multiple items of discovery within fourteen days.  (Dkt. No. 32.)  On November 15, 2022, Judge Kato's order was returned to sender, as it could not be delivered to the P.O. boxes on file for Plaintiffs.  (See Dkt. Nos. 33, 34.)

On June 12, 2023, the Court attempted to hold the final pretrial conference in this matter.  Plaintiffs did not appear.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  In the view of this Court, Plaintiffs have wholly abandoned this case, failing to participate in it for well over a year.  Their failure to respond to counsel caused him to withdraw.  Since Plaintiff's Counsel's withdrawal, Plaintiffs have not prosecuted the action in any way.  They have failed to comply with discovery obligations.  They failed to appear at the final pretrial conference.  The Court finds that Plaintiffs have failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter; in fact, Plaintiffs have already unreasonably delayed this action without explanation.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic: Plaintiffs have not pursued this action in any meaningful way for well over a year, while the Court has no way of contacting them; they have not entered an appearance on CM/ECF, and the mailing address listed for them appears not to be valid any longer.

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk mg

Accordingly, the Court **DISMISSES** Plaintiffs' action for failure to prosecute. Judgment is entered for Defendants on all claims. All future dates and deadlines are **VACATED**. The Clerk is directed to close the case.


**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk mg